# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff | : | No. 1:20-cv-00068 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| THE UNKNOWN HEIRS OF LORI J. | : | |
| ROBIDOUX, deceased, and JEREMY JAY | : | |
| WISE, solely in his capacity as heir of Lori J. | : | |
| Robidoux, deceased, | : | |
|     Defendants | : | |

## **MEMORANDUM**

Before the Court is Plaintiff United States of America ("Plaintiff")'s motion for default judgment against Defendants The Unknown Heirs of Lori J. Robidoux ("Unknown Heirs"), deceased, and Jeremy Jay Wise ("Wise"), solely in his capacity as heir of Lori J. Robidoux, deceased (collectively, "Defendants"). (Doc. No. 15.) As Defendants have yet to appear or defend in this action, no opposition to the motion has been filed. For the reasons that follow, the Court will grant the motion and enter default judgment in favor of Plaintiff and against Defendants.

## I.  BACKGROUND

On January 14, 2020, Plaintiff initiated the instant mortgage foreclosure action by filing a complaint against Lori J. Robidoux, now deceased, to foreclose on certain real property located at 2995 Marlborough Road, Dover, PA 17315 (the "Property"). (Doc. No. 1.) Plaintiff then filed an amended complaint, substituting the above-captioned Defendants for Lori J. Robidoux, whom the Clerk of Court subsequently terminated from this action. (Doc. No. 3.) The amended complaint alleges that Plaintiff, acting through the Under Secretary of Rural Development, on behalf of the Rural Housing Service of the United States Department of Agriculture, loaned Lori J. Robidoux and Raymond W. Robidoux the sum of $91,070.00 on or about December 29, 1994,

pursuant to the provisions of Title V of the Housing Act of 1949, as amended, 42 U.S.C. § 1471, et seq., to finance the purchase of the Property, evidenced by a promissory note (the "note"), executed and delivered to Plaintiff the same day. (Id. ¶¶ 3-4.) As security for payment on the note, Lori and Raymond Robidoux executed and acknowledged a real estate mortgage (the "mortgage"), granting, conveying, and mortgaging the Property to Plaintiff. (Id. ¶¶ 5, 8.) The mortgage was duly recorded on January 4, 1995, with the Office of the Recorder of Deeds in York County, Pennsylvania, in Book 1036 Page 306. (Id.) Plaintiff remains the owner and holder of the note and mortgage. (Id. ¶ 6.) Raymond W. Robidoux died on January 25, 2011, and Plaintiff has released him from liability for the debt secured by the mortgage pursuant to Pa.R.C.P. 1144.[1] (Id. ¶ 7.) Lori J. Robidoux died on December 24, 2016 – intestate, i.e., without having left a will – and is survived by her heir-at-law, Defendant Jeremy Jay Wise. (Id.)

According to the complaint's allegations, the note and mortgage are presently in default, as Defendants have failed or refused to pay the installments of principal and interest when due, failed or refused to pay real estate taxes when due, and failed or refused to maintain the security of the Property. (Id. ¶ 9.) Due to Defendants' purported default in the performance of the obligations under the note and mortgage, Plaintiff has elected to declare the entire amount of indebtedness, secured by the mortgage and evidenced by the note, immediately due and payable. (Id. ¶ 10.) By Plaintiff's calculation, the amounts due and owing on the note and mortgage as of the date of the complaint are as follows:

---

[1] Rule 1144 pertains to actions of mortgage foreclosures and provides, in relevant part, as follows: "[u]nless named as real owner, neither the mortgagor nor the personal representative, heir or devisee of the mortgagor, need be joined as defendant if the plaintiff sets forth in the complaint that the plaintiff releases such person from liability for the debt secured by the mortgage." See 231 Pa. Code Rule 1144(b) (emphasis added).

2

| | |
|---|---:|
| PRINCIPAL BALANCE | $82,144.32 |
| Interest from 11/28/2017 to 11/07/2019 at 8.0000% | $12,765.01 |
| Interest Recapture | $102,520.48 |
| Late Charges | $158.60 |
| | $197,588.41 |
| Escrow / Impound Required | + $2,369.33 |
| Fees Required with Payoff Funds | + $513.20 |
| Fees Currently Assessed | + $9,570.25 |
| | $210,041.19 |

(Id. ¶ 11.) A notice of intention to foreclose was mailed to the last known address of Lori and Raymond Robidoux via certified mail. (Id. ¶ 12; see Doc. No. 1-1 at 9.)

A review of the docket reveals that service of the complaint upon Defendants was effectuated as follows: (1) Defendant Wise was served on August 18, 2020, establishing a deadline for him to file an answer to the complaint by September 8, 2020 (Doc. No. 8); and (2) Defendants Unknown Heirs were served on December 30, 2020,[2] establishing a deadline for them to file an answer (or answers) to the complaint by January 20, 2021 (Doc. No. 13). Defendants, however, have not appeared, answered, moved, or otherwise responded to Plaintiff's complaint. Consequently, Plaintiff filed a request with the Clerk to enter default against Defendants pursuant to Federal Rule of Civil Procedure 55(a) on March 2, 2021 (Doc. No. 14), and filed a motion for default judgment against Defendants with the Court on the same date

---

[2] In September 2020, Plaintiff filed a motion seeking leave to serve Defendants Unknown Heirs pursuant to Pa.R.C.P. 430(a)-(b) and 410(c) by way of Fed. R. Civ. P. 4(e)(1). (Doc. No. 9.) In that motion, Plaintiff represented that because Lori J. Robidoux died intestate, no estate was raised by her heirs, precluding Plaintiff from ascertaining any heirs other than Defendant Jeremy Jay Wise. (Id. at 2.) The Court granted Plaintiff's motion on October 15, 2020, permitting, in relevant part, service upon Defendants Unknown Heirs by posting, by regular and certified mail to the Property's address, and by publication. (Doc. No. 10.) The Court directed that service "shall be completed upon posting or upon mailing, whichever occurs later." (Id.) On March 2, 2021, Plaintiff filed an Affidavit of Service including proof of service by posting, mail, and publication, with service by publication on December 30, 2020, being the latest date of service. (Doc. No. 13.)

3

(Doc. No. 15). The Clerk subsequently entered default against Defendant on March 4, 2021. (Doc. No. 19.) Preceding the Clerk's entry of default against Defendants, Plaintiff filed the instant motion for default judgment (Doc. No. 15), accompanied by a brief in support (Doc. No. 16), and affidavit of non-military service (Doc. No. 17). As Defendants have not yet responded to the pending motion for default judgment, the Court deems Plaintiff's motion for default judgment unopposed. Accordingly, the motion is ripe for disposition.

## II. LEGAL STANDARD

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). See 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) (noting that, "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Once the Clerk of Court has entered a default, the party seeking the default may then move the court to enter a default judgment under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." See Chamberlain v. Giampapa, 210 F.3d

154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). "A finding that default judgment is appropriate, however, is not the end of the inquiry." Martin v. Nat'l Check Recovery Servs., LLC, No. 12-1230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016). Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." Wright, et al., supra, at § 2688; Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) (stating that, "before granting a default judgment, the Court must . . . ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law" (citations omitted)). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof." See E. Elec. Corp. of N.J. v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). While the Court must accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's factual allegations or legal conclusions relating to the amount of damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

**III.    DISCUSSION**

Having reviewed the record, including Plaintiff's complaint, motion, supporting brief, exhibits, and accompanying affidavits, the Court finds that the entry of default judgment against Defendants and in favor of Plaintiff is appropriate. As an initial matter, the Court observes that Plaintiff's unchallenged allegations in the complaint, taken as true, state a legitimate cause of action for mortgage foreclosure, as Plaintiff has shown "the existence of an obligation secured by a mortgage, and a default on that obligation." See United States v. Sourbeer, No. 1:16-cv-1161, 2016 WL 5373641, at *1 (M.D. Pa. Sept. 26, 2016) (quoting United States v. Abell, No. 1:09-cv-

715, 2012 WL 27627, at *2 (M.D. Pa. Jan. 9, 2012)).  In addition, Plaintiff has offered support for its claim of a sum certain of $210,041.19 in the relevant documents and affidavit accompanying its complaint and motion for default judgment.  (Doc. Nos. 1, 1-2, 15); see also Sourbeer, 2016 WL 5373641, at *2 (noting that "[t]here [we]re no damages," where the plaintiff had sought a "foreclosure of the promissory note and mortgage, and repayment of the loan, interest, and fees," which amount was a "sum certain, as 'no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default'" (quoting Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 929 (9th Cir. 2004), cert. denied, 544 U.S. 949 (2005))).

Furthermore, the Court finds that the three Chamberlain factors weigh in favor of entering default judgment against Defendants.  See Chamberlain, 210 F.3d at 164.  First, Plaintiff will be prejudiced if the Court declines to enter default judgment, as Plaintiff is unable to proceed with the action due to Defendants' failure to respond and has no other means of recovering against Defendants.  See Broad. Music, Inc. v. Kujo Long, LLC, No. 14-cv-449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) (stating that "[p]laintiffs will be prejudiced . . . by their current inability to proceed with their action due to [d]efendants' failure to defend").  Second, Defendants have not asserted a meritorious defense to Plaintiff's claims through the filing of an answer or other response to the complaint, or through the filing of a response to the instant motion.  Consequently, the Court is unable to conclude from Defendants' silence that Defendants have a viable, litigable defense.  See Laborers Local Union 158 v. Fred Shaffer Concrete, No.10-1524, 2011 WL 1397107, at *2 (M.D. Pa. Apr. 13, 2011).  Third, the Court cannot discern from the record any excuse or justification for Defendants' default apart from each Defendants' own culpability.  Indeed, Defendants have failed to enter an appearance or file

a timely answer to the complaint and have offered no reasons for their failure to do so. "A defendant's default, or its decision not to defend against allegations in a complaint, may be grounds for concluding that the defendant's actions are willful." Innovative Office Prods., Inc. v. Amazon.com, Inc., No. 10–4487, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012). In the absence of an excuse or justification for Defendants' failure to participate in this litigation, the Court must conclude that the delay is the result of Defendants' culpable conduct. See Laborers Local Union 158, 2011 WL 1397107, at *2. Accordingly, the Court is satisfied that the Chamberlain factors counsel in favor of entering default judgment in favor of Plaintiff, and thus, will grant Plaintiff's motion for default judgment.

## IV. CONCLUSION

Based on the foregoing, the Court will grant Plaintiff's motion for default judgment. (Doc. No. 15.) An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania